IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL D. LEBERMAN,** | * |
| PLAINTIFF, | * |
| | * CASE NO.: 2:18cv-0555-MHT-DAB |
| v | * |
| | * JURY DEMAND REQUESTED |
| **STATE OF ALABAMA BOARD OF PARDONS AND PAROLES; PHIL BRYANT, Individually; STACEY BROWN, Individually and in her official capacity as FIELD SERVICES DIVISION DIRECTOR, BOARD OF PARDONS AND PAROLES; REYDONYA RICHARDSON, Individually and in her official capacity as DISTRICT MANAGER, BOARD OF PARDONS AND PAROLES; PATRICIA USELTON, Individually and in her official capacity as PROBATION AND PAROLE OFFICER SENIOR, BOARD OF PARDONS AND PAROLES; and JEFF JETER, Individually and in his official capacity as DIVISION DIRECTOR OF BOARD OF PARDONS AND PAROLES,** | * |
| DEFENDANTS. | * |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Michael D. Leberman, by and through his undersigned counsel of record, pursuant to this Honorable Courts Order dated June 13, 2019 (documents 30) and amends his original Complaint filed on June 5, 2015(Doc.#1) and his Amended Complaint (document #16) filed on June 2, 2019, as set forth herein below.

## I. JURISDICTION AND VENUE

1. Plaintiff Leberman files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§1331 and 1334(a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000(e) et seq.), as amended by the 1991 Civil Rights Act, to obtain equitable relief, the cost of suit, including reasonable attorney's fees, and damages suffered by the Plaintiff, due to the Defendants' discrimination against the Plaintiff.

2. Plaintiff Leberman filed a charge of race, age, and gender (sex) on September 25, 2017, with the Equal Employment Opportunity Commission ("EEOC"). The Plaintiff amended the charge on December 18, 2017, alleging retaliation and again on March 7, 2018, alleging retaliation and harassment. Plaintiff Leberman received a right-to-sue letter dated March 12, 2018, giving him the right to pursue this claim in federal court for 90 days after said receipt. **(Exhibit A)**.

3. Venue is proper in the Northern Division of the Middle District of Alabama since Alabama Department of Pardons and Paroles is headquartered in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Michael D. Leberman (henceforth "Plaintiff Leberman" or "Plaintiff") is a white male citizen of the United States, over 40 years of age and resides in Marshall County, Alabama.

5. The Defendant, Alabama Board of Pardons and Paroles (henceforth Defendant ABPP"

2

or "ABPP") is an agency of the State of Alabama who headquarters is located in Montgomery, Alabama. At all times relevant to this complaint, the Plaintiff was employed and continues to be employed by ABPP.

6. Defendant Phil Bryant (henceforth "Defendant Bryant" or "Bryant"), a black male, is sued in his individual capacity. Defendant Bryant was Executive Director of ABPP when Plaintiff Leberman filed his EEOC Complaint. Defendant Bryant is over the age of 21 years and resides in Shelby County, Alabama.

7. Defendant Stacey Brown (henceforth "Defendant Brown" or "Brown"), a black female, is sued in her individual and official capacity as Field Services Director of ABPP. In her official capacity Defendant Brown is Plaintiff Leberman's Division Director. Defendant Brown is over the age of 21 years. Defendant Brown resides in Montgomery County, Alabama.

8. Defendant Reydonya Richardson (henceforth "Defendant Richardson" or "Richardson"), a black female, is sued in her individual and official capacity as ABPP District Manager in the district where Plaintiff Leberman is employed. Defendant Richardson is Plaintiff Leberman's supervising district manager. Defendant Richardson is over the age of 21 years and resides in St. Clair County, Alabama.

9. Defendant Patricia Uselton (henceforth "Defendant Uselton" or Uselton"), is a white female, is sued in her individual and official capacity as Probation and Parole Officer Senior. Defendant Uselton was Plaintiff Leberman's direct supervisor during the time the incidents occurred and is over the age of 21 years and resides in Limestone County, Alabama.

10. Defendant Jeff Jeter (henceforth "Defendant Jeter" or "Jeter"), is a white male, is sued in his individual capacity and his official capacity as Division Director for the Alabama

3

Board of Pardons and Paroles which includes the training division   Defendant Jeter is over the age of 21 years and resides in Montgomery County, Alabama.

11. The Title VII Count is not directed toward Defendants Bryant, Brown, Richardson, or Uselton, but the 42 U.S.C. §1981 and §1981(a) counts are directed toward Defendants Bryant, Brown, Richardson, Uselton, and Jeter, who have acted under state law in violation of Plaintiff Leberman's right to not be discriminated against because of his race, color or gender and also not to be retaliated against for filing an EEOC complaint.

### III. STATEMENT OF FACTS

12. Plaintiff Leberman is a white male over 40 years of age.

13. Plaintiff Leberman became employed by ABPP on or about October 27, 2008, as a parole and probation officer. From 2011 through his 2017 Employee Performance Appraisal, Plaintiff Leberman's annual evaluation exceeded standards.

14. On September 25, 2017, Plaintiff Leberman filed his original EEOC Complaint and amended it on December 18, 2017 and again in March 2018.

15. On October 25, 2017, exactly one month after his EEOC Complaint was filed, a formal reprimand was served on Plaintiff Leberman.

16. On February 14, 2018, Plaintiff Leberman was given a Performance Appraisal of "partially meets standards."

17. In the September 25, 2017 EEOC Complaint, Plaintiff Leberman complained that his case load far exceeded that of the other three younger officers, a 45 year old black male, a 37 year old white male, and a 43 year old white female, Defendant Uselton. Plaintiff Leberman also pointed out that within three weeks of Defendant Richardson becoming his district manager he

4

received his first bad audit with 58 correction points.

18. On October 6, 2015, Defendant Richardson had a counseling notice served on Plaintiff Leberman for not filing a delinquency report with the Judge's initials on the report. Defendant Richardson had to withdraw the notice, when it was shown that Leberman had followed proper procedure.

19. Plaintiff Leberman's case load is consistently much larger than a younger black male, a younger white female, and younger white male located in the same office.

20. On January 31, 2017, Defendant Richardson wrote Plaintiff Leberman up for insubordination stating she did not know if it was because she was "black or female" that he walked away from her when she spoke to him.

21. On February 7, 2017, Defendant Richardson skipped an audit on a younger black male whose audit was past due, but conducted Plaintiff Leberman's audit early.

22. On October 25, 2017, Plaintiff Leberman was served with a written reprimand signed by Defendant Uselton with Defendant Richardson in the room.

23. On October 25, 2017, Plaintiff Leberman filed a written response to the written reprimand.

24. On January 16, 2018, Plaintiff Leberman filed a grievance concerning the written reprimand and continued harassment and retaliation.

25. Section 36-26-27.1, Code of Alabama, 1975, as amended provides:

> **"§ 36-26-27.1 Personnel files.**
> Notwithstanding any other laws, rules, or regulations to the contrary, when a document pertaining to disciplinary action, including, but not limited to, written reprimands, suspensions, notes pertaining to oral reprimands or counseling regarding a state

> employee, or notes pertaining to matters that may be used
> regarding the employee in a disciplinary action are placed in the
> employee's personnel file, the agency which is the employer shall
> supply a copy of the documentation to the employee no later than
> 10 days after its inclusion in his or her personnel file. In the event
> that the information is not provided to the employee within 10 days
> as herein required, the reprimands or notes shall be removed from
> the employee's file and shall not be used against the employee in
> any future proceeding or disciplinary action."

26. By letter dated January 19, 2018, from ABPP Executive Director Eddie Cook, Jr., Plaintiff Leberman was informed as follows:

> "This letter is in response to your January 10, 2018
> correspondence, which you directed to your immediate supervisor,
> Probation and Parole Senior (OIC) Patricia Uselton, but also
> submitted up your chain of command by email. I have requested
> our personnel director to send you an update, including a final copy
> of the reprimand. She has complied with my direction."

27. Plaintiff Leberman was not supplied a copy of the complete written reprimand within ten (10) days after the written reprimand was included in his personnel file, as required by Ala. Code §36-26-27.1, 1975, as amended.

28. On February 14, 2018, in Plaintiff Leberman's Employee Performance Appraisal, the October 25, 2017 written warning was used in violation of Ala. Code §36-26-27.1, 1975, as amended.

29. By email from Roderick Chambers, Division Manager of Training for ABPP, dated June 13, 2018, in which Plaintiff Leberman was shown as a firearms instructor, Leberman was requested to participate in firearms training

30. By email from Roderick Chambers, Division Manager of Training for ABPP, dated June 15, 2018, Plaintiff Leberman was requested to help with firearms training scheduled for

6

July 9, 2018 through July 13, 2018.

31. On June 11, 2018, Defendant Richardson was served with this present action.

32. On June 14, 2018, Kevin Blackburn filed his Notice of Appearance (Doc. #8) on behalf of "the Defendants."

33. On June 19, 2018, Barbara Wells filed her Notice of Appearance (Doc. #15) on behalf of the Defendants, which named Stacey Brown.

34. On June 19, 2018, Roderick Chambers was approached by Defendant Richardson complaining about Plaintiff Leberman participating in firearms training. Roderick Chambers informed Defendant Richardson that he had not been given any notice that Plaintiff Leberman was no longer a firearms instructor. Defendant Richardson left Roderick Chambers and went to the office of Defendant Brown.

35. A couple of hours after Defendant Richardson went into Defendant Brown's office, Defendant Jeter informed Roderick Chambers that Chambers could not use Plaintiff Leberman. Chambers stated to Leberman that Defendant Jeter stated, referring to Leberman, "no you can't use him, he's dead, he's out." Chambers informed Plaintiff Leberman that he, Leberman, had "kicked the hornets' nest."

36. Based on the foregoing, Plaintiff Leberman states he was subjected to race discrimination, in violation of Title VII, 42 U.S.C. §2000(e) and 42 U.S.C. §§ 1981 and 1981(a). As a result of the illegal discrimination practiced against him, Plaintiff Leberman has lost valuable income and incurred legal cost. Further, Plaintiff Leberman has suffered mental and emotional anguish.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION-
## RACE DISCRIMINATION

37. Plaintiff Leberman repeats, realleges, and incorporates by reference paragraphs 1 through 36 above, the same as if more fully set forth herein and further avers that the Defendants' actions toward him violated his right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Acts of 1964 (42 U.S.C. §2000(e),et seq.) As amended by the 1991 Civil Rights Act, and 42 U.S.C. §1983 and 1981-1981(a), including a cause of action against Defendants Bryant, Brown, Richardson, Uselton, and Jeter, acting under the color of state law and vulnerable for individual liability through 42 U.S.C. §§ 1983 and 1981-1981(a).

38. As a proximate cause of Defendants afore-described actions in discriminating against Plaintiff Leberman, due to his race, Plaintiff Leberman was injured and damaged, as more fully set forth in paragraphs 1-36 above. In addition, Plaintiff Leberman has suffered considerable mental and emotional anguish.

39. Plaintiff avers that he has pursued and exhausted his administrative remedies.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Leberman prays that this Court will grant the following relief:

(A) Judgment declaring that the Defendants discriminated against Plaintiff Leberman on basis of his race, sex, and/or age.;

(B) An Order granting Plaintiff Leberman compensation for rights to which Plaintiff Leberman would have been entitled, had Plaintiff Leberman not been the victim of race

discrimination, effective from date of Final Judgment;

(C) An award of compensatory damages, including for mental anguish, to which Plaintiff Leberman may be entitled;

(D) An award of punitive damages, due to the egregious nature of the race, sex, and/or age discrimination practiced against Plaintiff Leberman so openly tolerated, ratified and acquiesced in by the Defendants;

(E) An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

(F) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION- UNLAWFUL RETALIATION

40. Among the Defendants' retaliatory moves was that Defendant Richardson conducted numerous audits of Plaintiff Leberman's work, filed various disciplinary complaints about Plaintiff Leberman that were unwarranted, had Defendant Uselton file an unwarranted written reprimand on Plaintiff Leberman, using said unwarranted reprimand on Plaintiff Leberman in non-compliance with Ala. Code §36-26-27.1, 1975, as amended. Defendant Bryant, while he was Executive Director, and Defendant Brown, acquiesced in the actions taken by Richardson and Uselton. Defendant Richardson assigned Plaintiff Leberman a larger case load than assigned to the other employees of the office, a younger black male, a younger white male, and a younger white female. Defendant Bryant and Defendant Brown acquiesced in said treatment of Plaintiff

9

Leberman.

41. Plaintiff Leberman avers and alleges that Defendants Richardson and Brown retaliated against him by conspiring together with Defendant Jeter to have Plaintiff Leberman removed from being a firearms instructor. Plaintiff Leberman alleges and avers he was removed as a firearms instructor and referred to as "dead" because he filed this present suit.

42. Among the Defendants' retaliatory moves was that Plaintiff Leberman received an unwarranted written warning within three weeks after filing his EEOC Complaint, Plaintiff Leberman was given no relief from a case load that was substantially larger than the rest of the probation officer's in Marshall County, Plaintiff Leberman was subjected to early audits while others similar situated probation officers were not audited, Plaintiff Leberman was not provided updated office furniture when all other probation officers were, and Plaintiff was removed from his position as a Firearms and Chemical Weapons Instructor.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Leberman prays that this Court will grant the following relief:

(A) Judgment declaring that Plaintiff Leberman was subjected to unlawful retaliation against him after he filed his original EEOC Complaint on September 25, 2017 and during the next seven months;

(B) An award of compensatory damages, including for mental anguish, to which Plaintiff Leberman may be entitled;

(C) An award of punitive damages, due to the egregious nature of Defendants' wrongdoing;

(D) An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

(E) Such further, other and different relief as the Court may deem appropriate and necessary.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION-
## RACE, SEX, AGE-BASED COLD AND HOSTILE WORKING ENVIRONMENT

43. Plaintiff Leberman repeats, realleges, and incorporates by reference paragraphs 1- 42 above, the same as if more fully set forth herein, and further avers that the Defendants' retaliatory actions toward him violated Plaintiff Leberman's rights to be free of a race-based, gender based, age based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000(e), et seq.) As amended by the 1991 Civil Rights Acts. The Defendants are also vulnerable to individual liability because they were acting under color of the state law.

44. As specifics for the pervasive race, gender, age-based cold and hostile work environment that Plaintiff Leberman suffered, Plaintiff Leberman cites the facts set forth with particularity in statement of facts paragraphs 12 through 36.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Leberman prays that this Court will grant the following relief:

(A) Judgment declaring that Plaintiff Leberman was subjected to a pervasive race, gender, age-based cold and hostile work environment;

11

(B) An award of compensatory damages, including for mental anguish, to which Plaintiff Leberman may be entitled;

(C) An award of punitive damages, due to the egregious nature of Defendants' wrongdoing;

(D) An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

(E) Such further, other and different relief as the Court may deem appropriate and necessary.

## JURY DEMAND REQUESTED

Respectfully submitted this the 20ˢᵗ day of June, 2019.

/s/ Jim L. DeBardelaben
**JIM L. DEBARDELABEN**
ASB-A4OJ4800
Attorney for Plaintiff
P.O. Box 1136
Wetumpka, AL 36092
Telephone (334) 265-9206
Facsimile (334) 478-7320
Email: jim@jimdebardlaw.com

**CERTIFICATE OF SERVICE**

On June 20, 2019, I electronically filed the foregoing SECOND AMENDED COMPLAINT via the CM/ECF and service to opposing counsel sent via CM/ECF as follows:

Kevin Wayne Blackburn
kevin.blackburn@paroles.alabama.gov

Richard Brooke Lawson, III
brooke.lawson@chlaw.com

Barbara Jean Wells
barbara.wells@chlaw.com

/s/Jim L. DeBardelaben
OF COUNSEL